UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **ENDEVIS, LLC** <br> 2254 Centennial Rd. <br> Toledo, OH 43617 <br><br> Plaintiff, <br><br> -vs- <br><br> **CORIZON HEALTH, INC.** <br> c/o Jill P. Moldrem <br> 103 Powell Ct. <br> Brentwood, TN 37027-7046 <br><br> and, <br><br> **YESCARE CORP.** <br> Sara Tirschwell <br> 3411 Yoakum Blvd. #2901 <br> Houston, TX 77006 <br><br> Defendants. | CASE NO. 3:22-cv-01307-JZ <br><br> JUDGE JACK ZOUHARY <br><br> **PLAINTIFF'S FIRST AMENDED COMPLAINT** <br><br> **JURY DEMAND ENCLOSED HEREON** <br><br> Brandon M. Rehkopf (0089374) <br> Kevin C. Urtz (0096100) <br> MOCKENSTURM, LTD. <br> 1119 Adams Street, First Floor <br> Toledo, OH 43604 <br> (419) 724-3499 Phone <br> (419) 724-3495 Fax <br> brandon@mockltd.com <br> kevin@mockltd.com <br><br> *Counsel for Plaintiff,* <br> *Endevis, LLC* |

Now comes Plaintiff, Endevis, LLC, by and through its undersigned counsel, and for its First Amended Complaint alleges and avers as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332, in that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and it is an action between citizens of different states.

2. The Court has personal jurisdiction over all Defendants based upon their continuous conduct of business and/or soliciting to do business in the State of Ohio.

3. Defendant, YesCare, Corp., is also subject to the jurisdiction of this Court based on the theory of "successor jurisdiction." *See Opportunity Fund, LLC v. Epitome Sys., Inc.*, 912 F. Supp. 2d 531 (S.D. Ohio 2012).

4. Venue properly lies in this Court under 28 U.S.C. §1391, as Defendants solicit and/or conduct business in this District and a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred within this District.

## PARTIES

5. Plaintiff, Endevis, LLC, an Ohio limited liability company licensed to transact business in the State of Ohio, with its principal place of business in Toledo, Ohio.

6. Defendant, Corizon Health, Inc. (hereinafter referred to as "Corizon"), is a Delaware corporation, with its principal place of business in Brentwood, Tennessee.

7. Defendant, YesCare, Corp. (hereinafter referred to as "YesCare"), is a Texas for profit corporation, with its principal place of business in Brentwood, Tennessee.

## FACTUAL HISTORY

8. Plaintiff realleges and incorporates by reference the allegations made in the foregoing paragraphs as if fully rewritten herein.

9. Plaintiff is a national provider for workforce solutions, primarily providing services relating to employee recruitment, professional direct placement, or contract staffing.

10. Upon information and belief, Corizon was formed by a 2011 merger of Correctional Medical Services, Inc. and Prison Health Services, Inc., and is a privately held prison healthcare contractor.

11. Sometime around mid-2019, Corizon contacted Plaintiff about providing employee placement services.

12. Corizon informed Plaintiff that it has a contract with the Maryland Department of Corrections and the employees provided by Plaintiff were to be utilized at Maryland correctional facilities.

13. Corizon at all times was aware that Plaintiff is an Ohio company with its principal place of business in Toledo, Ohio.

14. All contract negotiations took place remotely/via email, with Plaintiff being in Toledo, Ohio, during all negotiations.

15. Corizon was further aware that Plaintiff intended to fulfill all services under the contract from its Toledo, Ohio office.

16. On or about January 1, 2019, Plaintiff and Corizon executed a contract, whereby Plaintiff was to provide employee recruitment and placement related services. (hereafter referred to as the "Agreement"). A true and accurate copy of the Agreement is attached hereto as **Exhibit "A"**.

17. Pursuant to the Agreement, Plaintiff was to be paid based on the Pricing Schedule attached to the Agreement, and Corizon was to pay Plaintiff within forty-five days of its receipt of Plaintiff's invoice.

18. Plaintiff performed all of its obligations under the Agreement, and it has placed a significant number of employees with Corizon.

19. Despite Plaintiff's performance and the benefit afforded to Corizon, Corizon breached the Agreement by, among other ways, failing to make payments when due under the Agreement.

20. Since August 2021, Plaintiff has provided Defendant with 104 employees; however, Corizon has failed to make any payment to Plaintiff for those services.

21. To date, Corizon owes Plaintiff a total of One Hundred Seventy-Three Thousand Six Hundred Twenty-Nine and 77/100 Dollars ($173,629.77). A true and accurate copy of Plaintiff's invoices sent to Corizon is attached hereto as **Exhibit "B"**.

22. Plaintiff has contacted Corizon on numerous occasions regarding the unpaid invoices.

23. Corizon informed Plaintiff that it was undergoing changes to its corporate structure, but it assured Plaintiff that its invoices would be paid.

24. On March 23, 2022, a representative of Endevis emailed Corizon indicating that she had tried contacting them several times about the outstanding invoices.

25. Later that day, the Corizon representatives responded to the email confirming that they had received the invoices and showed a total balance owed of $151,000.

26. Corizon's representatives then stated that they were waiting on approval to "cut the check," but they did not issue a check at that time or respond to a follow up email. True and accurate copies of the March 2022 emails are attached hereto as **Exhibit "C"**.

27. Following the foregoing communications, and after receiving no payment toward the outstanding invoices, on April 5, 2022, Plaintiff sent Corizon a letter demanding payment on the then-outstanding balance of $151,030. A true and accurate copy of Plaintiff's letter to Corizon is attached hereto as **Exhibit "D"**.

28. On April 22, 2022, Plaintiff's Chief Revenue Officer, Ron Walters, emailed Corizon's representatives to follow up on the demand letter and unpaid invoices.

29. He received a response from Corizon's Assistant Controller, Michelle Rice, stating that Corizon was working on reviews and approvals for payment. True and accurate copies of the 4/22/22 emails are attached hereto as **Exhibit "E"**.

30. On information and belief, Ms. Rice is now the Assistant Controller for YesCare.

31. On or about April 28, 2022, Corizon issued a payment of $36,594, which was applied toward Corizon's most delinquent invoices.

32. On May 11, 2022, Mr. Walters again emailed Corizon thanking them for the recent payment, confirming the current outstanding balance of $173,629.77, and requesting payment of those invoices as well. True and accurate copies of the 5/11/22 emails are attached hereto as **Exhibit "F"**.

33. Ms. Rice responded by asking for copies of the February and March invoices, and stating that Corizon will work on approval for payment of the two oldest invoices. See **Exhibit "F"**.

34. Plaintiff provided copies of the requested invoices, but received no further response from Corizon.

35. On June 21, 2022, Mr. Walters again sent an email to Corizon, this time including Corizon's CEO, Sara Tirschwell, stating that he had made numerous attempts to contact each of them regarding payment of the past due invoices. A true and accurate copy of the 6/21/22 email is attached hereto as **Exhibit "G"**.

36. Mr. Walters received no response until he called Ms. Tirschwell later that day.

37. When Mr. Walters spoke with Ms. Tirschwell over the phone, she told him that someone would contact him within 24 hours to address the invoices.

38. After receiving no follow up from Corizon, Mr. Walters sent Ms. Tirschwell another email on June 23, 2022. A true and accurate copy of the 6/23/22 email is attached hereto as **Exhibit "H"**.

39. Plaintiff received no contact from Corizon until early July, when counsel for Corizon contacted Plaintiff and informed it that, despite Corizon's prior assurances that Plaintiff

5

would be paid, Corizon was dissolving its business and does not have sufficient assets to pay Plaintiff's invoices.

40. Corizon then informed Plaintiff that Defendant, YesCare, had assumed operation of Corizon's business.

41. On information and belief, YesCare was incorporated on January 31, 2022, in the State of Texas and, notwithstanding its short existence, holds itself out as a company with "more than 40 years of experience as the leading provider of correctional healthcare." (YesCare Corporate Information attached as **"Exhibit "I"**).

42. According to YesCare's website, its principal place of business is at 205 Powell Place, Suite 104, Brentwood, TN 37027, in the same office park as Corizon. (Contact information listed on YesCare's website is attached as **Exhibit "J"**).

43. Moreover, on the homepage of its website, YesCare affirms that: "YesCare acquired all of the employees and active contracts of Corizon Health in early 2022." (A printout of YesCare's website home page is attached as **Exhibit "K"**).

44. On top of the foregoing similarities between YesCare and Corizon, according to both companies' websites, Sara Tirschwell is both the CEO of Corizon and the CEO of YesCare. (A printout of the management information published by Defendants on their websites is attached as **Exhibit "L"** and **Exhibit "L-1"**).

45. Considering the date of YesCare's formation and the representations on its website, it appears that any employees provided by Plaintiff in February or March of 2022 were provided directly to YesCare.

46. Based on the misrepresentations made by Corizon regarding the payment of Plaintiff's invoices, as well as the information published on both Defendants' websites and filed

with the Delaware, Texas, and Tennessee Secretaries of State, it is obvious that YesCare is a mere continuation of Corizon and was formed with the primary purpose of evading or frustrating Corizon's creditors.

## FIRST CLAIM
## BREACH OF CONTRACT – CORIZON HEALTH

47. Plaintiff realleges and incorporates by reference the allegations contained in the foregoing paragraphs as if fully rewritten herein.

48. Plaintiff and Corizon entered into a written agreement on or about January 1, 2019, whereby Plaintiff would provide employee recruitment and placement related services in exchange for Defendant's payment according to a price sheet attached to the Agreement.

49. Plaintiff has performed all of its duties and obligations under the Agreement.

50. Corizon has breached the parties' Agreement by, among other ways, failing to make payment when due pursuant to the Agreement.

51. Plaintiff has communicated with Corizon on multiple occasions regarding Corizon's breach of the Agreement.

52. Despite Plaintiff's communications with Corizon and demand for payment, Corizon has failed to make any payment toward the amount owed.

53. As a direct and proximate result of Corizon's breach of the Agreement, Plaintiff has suffered damages in the amount of One Hundred Seventy-Three Thousand Six Hundred Twenty-Nine and 77/100 Dollars ($173,629.77), plus interest, attorney fees and other costs.

54. Because Corizon acted intentionally, fraudulently, maliciously, and/or recklessly in its breach of the Agreement, Plaintiff is also entitled to an award of punitive damages. *See*

7

*Rogers v. Louisville Land Co., 367 S.W.3d 196, 206 (Tenn. 2012)*; see also *Lindenberg v. Jackson Nat'l Life Ins. Co.*, 912 F.3d 348 (6th Cir. 2018).

## SECOND CLAIM
## BREACH OF CONTRACT – YESCARE

55. Plaintiff realleges and incorporates by reference the allegations contained in the above-mentioned paragraphs as if fully rewritten herein.

56. Plaintiff and Corizon entered into the aforementioned Agreement on or about January 1, 2019.

57. On information and belief, Corizon assigned the Agreement to YesCare without notice to Plaintiff, and YesCare assumed the Agreement, along with all other contracts and employees of Corizon, including all liability arising thereunder.

58. Given the timeline of YesCare's incorporation and assumption of Corizon's contracts and employees, at least some of the employees provided by Plaintiff were provided directly to YesCare.

59. YesCare has breached the parties' Agreement by, among other ways, failing to comply with its obligations to pay all amounts due to Plaintiff.

60. Plaintiff has performed all of its duties and obligations under the Agreement.

61. As a direct and proximate result of YesCare's breach of the Agreement, Plaintiff has suffered damages in the amount of One Hundred Seventy-Three Thousand Six Hundred Twenty-Nine and 77/100 Dollars ($173,629.77), plus interest, attorney fees and other costs.

62. Because YesCare acted intentionally, fraudulently, maliciously, and/or recklessly in its breach of the Agreement, Plaintiff is also entitled to an award of punitive damages. *See*

*Rogers v. Louisville Land Co., 367 S.W.3d 196, 206 (Tenn. 2012)*; see also *Lindenberg v. Jackson Nat'l Life Ins. Co.*, 912 F.3d 348 (6th Cir. 2018).

## THIRD CLAIM
## QUANTUM MERUIT/UNJUST ENRICHMENT – YESCARE

63. Plaintiff realleges and incorporates by reference the allegations contained in the above-mentioned paragraphs as if fully rewritten herein.

64. Plaintiff provided certain employees and services to Corizon necessary for the operation of Corizon's business and the fulfillment of its obligations to the Maryland Department of Corrections.

65. The services and employees delivered to Corizon conferred a benefit to YesCare, as the current owner of Corizon's contracts and employees.

66. The services delivered by Plaintiff were accepted by YesCare, with the expectation of paying Plaintiff for those services.

67. Plaintiff did not provide its services gratuitously.

68. Plaintiff delivered such services with the reasonable expectation, known by YesCare, that Plaintiff would be compensated for its services.

69. YesCare's CEO and Assistant Controller are also the CEO and Assistant Controller of Corizon, and were made aware, on numerous occasions, of Plaintiff's expectation of payment.

70. YesCare has unfairly benefitted and has been unjustly enriched from the services provided by Plaintiff without paying Plaintiff for those services.

71. As a direct and proximate result of YesCare's conduct, Plaintiff has suffered damages in the amount of One Hundred Seventy-Three Thousand Six Hundred Twenty-Nine and 77/100 Dollars ($173,629.77), plus interest, attorney fees and other costs.

## FOURTH CLAIM
## FRAUDULENT CONVEYANCE – BOTH DEFENDANTS

72. Plaintiff realleges and incorporates by reference the allegations contained in the foregoing paragraphs as if fully rewritten herein.

73. Upon information and belief, Corizon transferred its assets to YesCare for inadequate or no consideration in early 2022.

74. Upon further information and belief, both Corizon and YesCare have the same CEO and management, and the same individuals who have an ownership interest in Corizon, have an ownership interest in YesCare.

75. In transferring Corizon's assets to YesCare for inadequate or no consideration, Defendants actually intended to hinder, delay or defraud Plaintiff with respect to amounts owed to Plaintiff by Corizon pursuant to the parties' Agreement and Invoices attached hereto.

76. Upon information and belief, the transferee, YesCare, knew of this fraudulent intent at the time of the transfer.

77. As a direct and proximate result of the fraudulent Transfer, Plaintiff has been damaged and is entitled to the avoidance of the Transfer to the extent necessary to satisfy the debt owed to Plaintiff, attachment or garnishment against the assets transferred and other property of YesCare, and an injunction against further disposition by both Defendants of the assets transferred or of other property.

78. Upon further information and belief, the foregoing fraudulent transfer was enacted with malicious intent, entitling Plaintiff to an award of punitive damages.

## FIFTH CLAIM
## SUCCESSOR LIABILITY – YESCARE
## INTENT TO DEFRAUD CREDITORS

79. Plaintiff realleges and incorporates by reference the allegations contained in the foregoing paragraphs as if fully rewritten herein.

80. Defendant YesCare was formed to frustrate and evade the creditors of Defendant Corizon.

81. YesCare resumed the operations of Corizon, including its contracts with the Delaware Department of Corrections, that were previously operated by Corizon, to frustrate and evade creditors of Corizon, including, without limitation, Plaintiff, with respect to the amounts owing represented by the parties' Agreement and Plaintiff's invoices.

82. Corizon transferred its assets to YesCare in furtherance of the scheme to defraud the creditors of Corizon, including, without limitation, Plaintiff.

83. YesCare is the successor to Corizon, liable to Plaintiff for the debt in the amount of $173,629.77 by reason of its intent to defraud Corizon's creditors.

## SIXTH CLAIM
## SUCCESSOR LIABILITY – YESCARE
## DE FACTO MERGER

84. Plaintiff realleges and incorporates by reference the allegations contained in the foregoing paragraphs as if fully rewritten herein.

85. According to the representations of Defendants, all business assets, including contracts and employees, of Corizon were transferred to YesCare in early 2022.

86. Following the transfer, Corizon became a mere shell entity, with no assets, operations, or means by which to conduct its business.

87. YesCare assumed the liabilities of Corizon necessary for the uninterrupted continuation of Corizon's business including, without limitation, rent, electricity, salaries, wages and business services expenses.

88. Upon information and belief, the same individuals who have an ownership interest in Corizon, have an ownership interest in YesCare.

89. Management of Corizon also was continued in YesCare through the same CEO, Sara Tirschwell. See **Exhibit "L" & "L-1"**.

90. Personnel employed by Corizon continued to be employed by YesCare following the transfer of Corizon's business assets to YesCare. See **Exhibit "K"**.

91. Following the transfer of Corizon's business assets to YesCare, YesCare continued business at almost the same physical location, namely, 205 Powell Place, Suite 104, Brentwood, TN 37027.

92. Following the cessation of Corizon's business, YesCare has conducted the same general business operation, with the same clients, such as the Maryland Department of Corrections.

93. Despite only being incorporated January 31, 2022, YesCare holds itself out to the public as a company with "more than 40 years of experience as the leading provider of correctional healthcare." See **Exhibits "I" & "K"**.

94. YesCare is the successor to Corizon, liable to Plaintiff for the debt in the amount of $173,629.77, by reason of the de facto merger between Corizon and YesCare.

## SEVENTH CLAIM
## SUCCESSOR LIABILITY – YESCARE
## MERE CONTINUATION

95. Plaintiff realleges and incorporates by reference the allegations contained in the foregoing paragraphs as if fully rewritten herein.

96. Both Corizon and YesCare are manifestations of the same business enterprise under the same real ownership, management and control.

97. As described above, Corizon's business assets were transferred to YesCare in an attempt to defraud and evade Corizon's creditors.

98. Following that transfer, YesCare assumed all employees and contracts of Corizon.

99. YesCare also holds itself out as a business with over 40 years' experience as the leading correctional healthcare provider, despite being in existence for less than six months.

100. YesCare is in the same business as Corizon, with the same ownership, the same CEO, the same employees, and the same clients, operating at almost the exact same location.

101. YesCare is the successor to Corizon, liable to Plaintiff for the debt in the amount of $173,629.77, by reason of YesCare being a mere continuation of Corizon.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Endevis, LLC, requests judgment and damages against Defendants, jointly and severally, as follows:

a. As to all counts, judgment in the amount of One Hundred Seventy-Three Thousand Six Hundred Twenty-Nine and 77/100 Dollars ($173,629.77);

b. As to Counts I, II, and IV, an award of punitive damages based on Defendants' intentional, fraudulent, malicious, and/or reckless conduct;

c. As to all counts, an award for reasonable attorneys' fees and costs, including but not limited to expert witness fees and court costs;

d. Preliminary injunctive relief preventing Defendant Corizon from selling, transferring, encumbering, or otherwise disposing of its business assets and preventing Defendant YesCare from selling, transferring, encumbering, or otherwise disposing of the business assets fraudulently received from Corizon;

e. An award to Plaintiff of pre and post judgment interest on any awards at the highest rate allowed by law; and

f. Any such other and further relief as this Court deems just and appropriate.

Respectfully Submitted,

*/s/ Kevin C. Urtz*
Brandon M. Rehkopf (0089374)
Kevin C. Urtz (0096100)
MOCKENSTURM, LTD.
1119 Adams Street, First Floor
Toledo, OH 43604
(419) 724-3499 Phone
(419) 724-3495 Fax
brandon@mockltd.com
kevin@mockltd.com

*Counsel for Plaintiff,
Endevis, LLC*

## **JURY DEMAND**

Pursuant to Fed.R.Civ.P. 38, Plaintiff hereby demands trial by jury for all claims herein plead.

Respectfully Submitted,

*s/ Kevin C. Urtz*
Brandon M. Rehkopf (0089374)
Kevin C. Urtz (0096100)
MOCKENSTURM, LTD.
1119 Adams Street, First Floor
Toledo, OH 43604

*Counsel for Plaintiff,*
*Endevis, LLC*
